Jose Luis ARAGON–AGUILERA,
Petitioner,

v.

John ASHCROFT, Attorney General,
United States Department of
Justice, Respondent.

No. 02–70383.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 17, 2003.

Enrique Arevalo, Esq., Stella P. Lai, Esq., Russell Jauregui, Jose Alfredo Hernandez, Law Offices of Enrique Arevalo, South Pasadena, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal, Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan Houser, Esq., Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, Richard M. Evans, Esq., John J. Andre, Esq., DOJ-U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Petitioner Jose Luis Aragon–Aguilera, a native and citizen of Mexico, petitions for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

review of an order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration. The BIA declined to reconsider its earlier decision that Petitioner is deportable and ineligible for suspension of deportation or voluntary departure because of alien smuggling. 8 U.S.C. § 1227(a)(1)(E)(i). We review generally for abuse of discretion but review de novo pure questions of law, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and deny the petition.

Petitioner's due process claims are not well taken. First, even assuming that the I–213 form of Petitioner's sister should not have been admitted because of the government's failure to try to secure her attendance or the attendance of the form's preparer, the remaining evidence substantially supported the BIA's original decision. Second, Petitioner has not demonstrated that his own I–213 form was obtained in violation of 8 C.F.R. § 287.3(a) or, even if it was, that any irregularity in choosing which officer to conduct the interview prejudiced him. Nor has he shown any *material* errors that cast doubt on the form's reliability. *See Espinoza v. INS*, 45 F.3d 308, 310–11 (9th Cir.1995) (describing presumption of reliability of authenticated immigration forms). The discrepancies that Petitioner pointed out went to the weight of the evidence but not to its admissibility. Third, the TECS printout, which recorded the time and place at which Petitioner entered the United States, was properly admitted based on Officer Crawford's testimony, which authenticated the document. Finally, even if the forms should have been excluded, there was sufficient evidence that Petitioner was deportable and was ineligible for suspension of deportation or voluntary departure for the BIA to decline reconsideration.

The BIA did not abuse its discretion by denying reconsideration on the issue of the adverse credibility determination in the underlying proceeding. In reviewing a motion to reconsider a credibility finding, we ask only whether the BIA acted arbitrarily, irrationally, or contrary to law in upholding an immigration judge's finding. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). Here, it did not. In the underlying decision, the BIA had noted the specific cogent reasons that the immigration judge gave for disbelieving Petitioner, and those reasons were supported by the record.

PETITION DENIED.